## LEOLA MARSTON v. STATE.

No. A-1504. Opinion Filed April 26, 1913.

(131 Pac. 716.)

APPEAL—Insufficiency of Evidence—Reversal. Where, in a criminal case, the evidence is insufficient to sustain the conviction, in that the evidence is insufficient to show the commission of the offense charged, the judgment of conviction will be reversed on appeal.

(Syllabus by the Court.)

*Error from Atoka County Court;*
*Baxter Taylor, Judge.*

Leola Marston was convicted of violating the prohibition law, and brings error. Reversed and remanded.

*J. G. Ralls,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty Gen., and *Jos. L. Hull,* Sp. Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error was convicted in the county court of Atoka county on an information which charged "that the said Leola Marston did then and there unlawfully manufacture intoxicating liquor, to wit, Choctaw beer, contrary to," etc., and was sentenced to be imprisoned in the county jail for a term of 30 days, and that she pay a fine of $50. From the judgment, an appeal by case-made was perfected.

Numerous errors are assigned, but we deem it unnecessary to consider any of them, save and except the one which is to

the effect that the verdict of the jury is contrary to law and to the evidence.

Two witnesses testified on the part of the prosecution, J. W. Phillips, sheriff of Atoka county, and Tom Miller, constable of Atoka.

Phillips testified that on the day in question he and Tom Miller were driving past Bulah Marston's and saw some one in the kitchen stirring something on the stove; that he jumped out of the buggy and ran in and found the defendant stirring something on the stove that would be Choctaw beer when they got through making it; "that Choctaw beer was made by putting different things in it, among which were hops, malt, apples, and potatoes; that after the various things are boiled and cooked the combination is then set off, and it is let cool, and than sugar is added to it, and after that it is let stand and ferment; that Bulah Marston is the defendant's father-in-law;" that a negro, Ed. Farmer, was in the kitchen when witness went in, and Mrs. Bulah Marston was also in there and seemed to be the boss, and she said something about her kidneys, and that she had to have it; that the liquor that he found there was not done, and had not yet been made into Choctaw beer, and that they had no search warrant.

Tom Miller's testimony was substantially the same as Phillips'.

The defendant testified, on her own behalf, that she was visiting at her father-in-law's house, and knew nothing about the contents of the tub, and had nothing to do with the putting in of the water and any of the ingredients in it; that she had gone into the kitchen, where there was a fire, with her baby; and that Ed. Farmer was at the tub at the time.

Ed. Farmer's name was indorsed on the information, and he was present in court, but was not used by the prosecution.

In every criminal prosecution it devolves upon the state to prove the *corpus delicti*— that is, the fact that the crime

charged has been actually perpetrated—and we think it was not proven in this case.

It is our opinion that the verdict is unwarranted by the evidence, and that the judgment of conviction, as a matter of law, is without support in the evidence.

The judgment of the county court of Atoka county is therefore reversed and the cause remanded.

ARMSTRONG, P. J., and FURMAN, J., concur.