## WHITE M. WAIDE v. STATE.

No. A-2317.  Opinion Filed February 21, 1917.

(162 Pac. 1139.)

1.   EVIDENCE—Records. In a trial for embezzlement by a guardian of the funds belonging to his ward's estate, the records of the county court showing application by such guardian for an order of sale of the lands belonging to the ward, the granting of an order of sale, a sale of such lands, report of such sale, and the confirmation of such sale, together with a report by such guardian of the receipts and disbursements of said funds, may be legally admitted in evidence for the purpose of showing that the money alleged to have been embezzled came into his hands as such guardian.

2.   EVIDENCE—Sufficiency of Evidence—Confessions. A conviction of an offense cannot be properly had upon the extrajudicial confessions of a defendant, entirely independent of any other evidence of the corpus delicti.

3.   EMBEZZLEMENT—Embezzlement by Guardian—Proof. On a trial of a guardian for embezzlement, in addition to proving beyond a reasonable doubt the relation of guardian and ward, and that the said guardian received said funds belonging to his ward's estate, a legal conviction cannot follow, unless it also be proved beyond a reasonable doubt that the guardian did not have the funds which he is charged to have embezzled, or that he has fraudulently misappropriated them.

4.   EVIDENCE—Transcript of Testimony by Accused. On the trial of a guardian for embezzlement of funds belonging to his ward's estate, the transcript of an examination of such guardian in

Opinion of the Court.

the county court as to the management by the said guardian of his ward's estate is extrajudicial, and such transcript cannot legally be admitted in evidence on the trial of the defendant, except in connection with other independent evidence tending to support the **corpus delicti** of the offense charged.

5.    **NEW TRIAL—Jury—Documentary Evidence.** While the jury may legally have and consider all the documentary evidence admitted on the trial of a cause, it is a sufficient ground to support a motion for a new trial that the jury improperly had before them and considered a writing containing incriminating statements against the defendant as to the offense charged, which said written statement was not in evidence in the cause.

6.    **TRIAL—Evidence—Direction of Acquittal.** Where in a criminal case the evidence is insufficient to sustain a conviction, in that the evidence is insufficient to show the **corpus delicti** of the offense charged, it is reversible error for the trial court, upon the request of the defendant, to refuse to direct the jury to acquit the defendant.

7.    **APPEAL AND ERROR—Reversal—Evidence.** Where a conviction is had without legal evidence of the **corpus delicti** of the offense charged, the judgment of conviction will be reversed on appeal.

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

White M. Waide was convicted of embezzlement, and he appeals. Reversed and remanded.

*Blanton & Andrews* and *Wayne H. Lasater,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *Jno. B. Harrison,* Asst. Atty. Gen., for the State.

COLLIER, Special Judge.    In this case White M. Waide, hereinafter designated defendant, was informed against in the district court of Garvin county for the offense of embezzlement, and convicted and sentenced to imprisonment in the penitentiary.    The embezzlement alleged is of funds belonging to the estate of his ward which came into his hands as guardian.

The uncontradicted evidence is that said defendant, as guardian of said ward, made application for the sale of the lands belonging to his said ward to the county court of Garvin county for the stated purpose of investing the proceeds of said sale at interest, that the sale of said lands was ordered made, reported as made, and such sale confirmed by the court, and the deed executed for said lands as shown by the records of said court, which were admitted in evidence against the objection and exception of the defendant, and that after the execution of the deed to said lands arrangements were made by said guardian whereby a loan on said lands was negotiated for $2,800, and the proceeds of said loan went into the hands of said guardian. The defendant was cited by the county court to make a report, and the judge of said county court sought to examine him in regard to his ward's estate. The said defendant declined to answer, was committed to jail, sought release by *habeas corpus,* which was refused, and was released from jail upon the understanding that he would answer questions and make a report of his transactions as such guardian.

Thereafter the said defendant filed in said county court a report, admitting receipt by him as such guardian of $3,200 belonging to his ward's estate, $400 of which said amount was received for rent on lands belonging to his ward prior to the sale of said lands, and asking to be credited with expenditures in behalf of his ward in a sum in excess of said $3,200 reported as having been received by him as said guardian, but no vouchers were filed with said report in support of the said expenditures claimed, and the evidence does not show that said expenditures were in fact made.

The further uncontradicted evidence is that after the filing of said report the county judge again sought to interrogate the defendant in regard to his actions as such guardian, and the defendant declined to answer part of the questions propounded to him upon the ground that the answers thereto might incriminate him. This examination was very voluminous and many questions answered by the defendant, but the only material information so far as this cause is concerned which was elicited by said examination was the admission by the defendant that he, as guardian, had received $3,200 belonging to the estate of his ward. The said examination was taken down by the stenographer of the court, and a transcript thereof admitted in the trial of this 'cause, against the objection and exception of the defendant and upon the ground that said confessions made to the said county judge were involuntarily made and the admission of said transcript of said questions propounded and the answers of the defendant thereto was duly excepted to.

There was further uncontradicted evidence that the defendant had not been removed as such guardian, nor any decree rendered by the county court upon said report filed by him of his receipts and disbursements as such guardian, nor any demand for payment made upon him by any one legally authorized to do so for the said money alleged to have been embezzled, or any part thereof, which had not been properly responded to. There is no evidence whatever in the case as to any disposition by the defendant of the said money alleged to have been embezzled or any part thereof. The defendant did not testify in his own behalf. There was other evidence in the case, but, in the view we take of the cause, we deem it unnecessary to recite the same.

At the close of the evidence the defendant asked the court to direct the jury to return a verdict of not guilty, which request was refused and duly excepted to.

The jury returned a verdict of guilty, and thereupon the defendant filed a motion for new trial upon several grounds, including the ground that the jury had considered the written objection filed by the guardian *ad litem* to the report filed by the defendant of his receipts and disbursements as such guardian, which said objections contained statements detrimental to the defendant as to the offense charged, which objections had not been placed in evidence in the trial of the cause, and upon the ground that the evidence was insufficient to sustain the verdict of the jury. In support of said motion defendant offered evidence that the guardian *ad litem* of said minor appointed by the county court had filed in the court an objection to the report filed in said court by the said guardian of his receipts and disbursements, and that the said objections to said report contained damaging statements in connection with the offense charged; that said written objections of the guardian *ad litem* to said report of defendant were not put in evidence in the case, but in some unknown way the said written objections went into the hands of the jury and were considered by them. The court overruled the motion for a new trial and sentenced the defendant in accord with the verdict rendered, to which the defendant duly excepted. To reverse the judgment rendered, upon the conviction had, this appeal is prosecuted.

Very many errors are assigned, but the only errors argued and insisted on in the brief of the defendant and the oral argument of the case which we deem necessary to review are as follows:

(1) Refusal of the court to direct a verdict in favor of the defendant.

(2) Admitting in evidence a transcript of the examination of the defendant in the county court upon the investigation of the management by the defendant of the estate of his said ward, upon the ground that the same was not a voluntary confession by the defendant.

(3) Introduction in evidence of the records of the county court of the application of the defendant for the sale of the lands of his said ward, order authorizing said sale, the report of sale, confirmation of the sale, and the report of the defendant of his receipts and disbursements as such guardian.

(4) Overruling motion of defendant for a new trial.

In this case it is essential to the legal conviction of the defendant of the offense of the embezzlement charged that the money alleged to have been embezzled belonged to the estate of his ward, and came into his hands as guardian of said ward, and that the said money was misappropriated or was used in some way other than in the due and lawful exercise of his trust as guardian. Section 2673, Rev. Laws 1910.

We are of the opinion, and so hold, that the trial court did not err in admitting in evidence the records of the county court showing the application of the defendant for the sale of the lands of his ward, the order to sell the same, the report of the sale of said lands, and the confirmation of said sale, together with the said report of the defendant of his receipts and disbursements as such guardian, and that by said records it was made to appear beyond a reasonable doubt that the money alleged to have been embezzled came into the hands of the

guardian for the use of said ward, which money it was his duty not to convert to any purpose other than in the lawful exercise of his trust as such guardian.

The uncontradicted evidence also shows that no adjudication of said report was made by the county court, that the defendant was not removed as guardian, that no one having authority so to do ever made a demand on the defendant for the payment of said funds or any part thereof, and that the defendant did not properly respond to such demand if made. Indeed, so far as is shown by any evidence in the case, it does not appear that the money alleged to have been ambezzled, or any part thereof, was in any manner used or disposed of by the defendant, and the confession insisted upon by the state, as contained in the said transcript of the examination of defendant by the county judge, was not properly admissible in evidence, even if there was any evidence therein tending to show the commission of the crime charged, until other evidence than such confessions had been introduced of the *corpus delicti.*

Defendant did not testify in his own behalf, and, so far as the evidence in this case discloses, all the money alleged to have been embezzled by him may have been, at the time of his trial and conviction, in defendant's hands or on deposit in some safe place subject to his order.

The said examination of the defendant by the county judge was very voluminous, but, so far as we have been able to understand the same, there was no evidence therein contained tending to support the offense of embezzlement, other than the admission of the defendant of receiving the money which he is charged with embez-

zling, and this receipt of said money by him is by other independent evidence in the case shown beyond a reasonable doubt.

The contention made by the defendant that the statements made by him at his examination by the county court were not voluntary we think well taken, and that the court committed reversible error in admitting the transcript of said examination in evidence. The statements made by defendant at his said examination in the county court were extrajudicial confessions, if confessions at all, and not admissible in evidence in the absence of other independent evidence of the *corpus delicti* of the offense charged. *Choate v. State*, 12 Okla. Cr. 560, 160 Pac. 34.

"An extrajudicial confession is one made out of court, whether to an official or a nonofficial." (Words and Phrases, vol. 3, p. 2625.)

A conviction based upon a confession unsupported by some independent evidence that the crime has been committed cannot be upheld. *Leola Marston v. State*, 9 Okla. Cr. 275, 131 Pac. 716.

The doctrine, as stated by Judge Brett in the well-considered case of *Choate v. State, supra*, that a conviction cannot be predicated alone upon extrajudicial confessions without any independent proof of the *corpus delicti* is well settled, and the authorities cited by him support his assertion that this rule is almost universal. Indeed, said rule of law has been so long upheld that it is not open to controversy.

The evidence shows beyond a reasonable doubt that the money alleged to have been embezzled, or at least a part of it (the sum of $400), came into the hands of the defendant as a trust fund belonging to the estate of his

ward, and if in fact the money had been embezzled by the defendant, it was only necessary, to complete the legal evidence of the *corpus delicti* of the crime charged, to introduce proof showing by some fact, positive or circumstantial, that the defendant did not have the funds which had come into his hands as guardian, or that they had been dissipated or fraudulently misappropriated; but there is no evidence in the case to show that at the time of his conviction the defendant did not have the money on hand or had misappropriated the same. It follows that the *corpus delicti* of the offense charged was not legally proven, and the trial court committed reversible error in not directing a verdict of acquittal as requested by the defendant. *Choate v. State, supra.*

While section 5912, Rev. Laws 1910, provides that the jury may have in the trial of a cause such documents as have been received in evidence in the case, certainly it does not authorize the jury to have written statements incriminating the defendant which have not been put in evidence, and it was therefore improper that the jury had and considered the objection of the guardian *ad litem* to the report made by the defendant. It may not be improper to add here that prosecuting officers should see that when papers are being delivered to the jury no improper documents are included therein. The said written objection of said guardian *ad litem* to the report filed by said defendant not having been introduced in evidence in the cause, it was extremely prejudicial to the defendant for it to be considered by the jury, and in our opinion was sufficient, together with the failure to legally prove the *corpus delicti,* to entitle him to a new trial, and accordingly the court committed prejudicial error in overruling the defendant's motion for a new trial.

In the case of *White et al. v. State, ante,* p. 76, 162 Pac. 232, it is said:

"While it is well settled that this court will not disturb the verdict on account of the evidence when there is evidence to support it, the converse rule is equally well settled that it is not only the province, but the duty, of the court to set aside such a verdict when it is contrary to the evidence, or where there is no evidence to support it."

In said case of *White et al. v. State,* Presiding Judge Doyle said:

"The performance of this duty on the part of the court is the exercise of legal discretion and judgment as to the sufficiency of the evidence to overcome the legal presumption of innocence to which every one is entitled who is put upon his trial for an offense"—citing *Benson v. State,* 10 Okla. Cr. 16, 133 Pac. 271.

"Under our Procedure Criminal, section 5937, Rev. Laws 1910, a new trial shall be granted 'when the verdict is contrary to law or evidence.' Under this provision the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand is imposed upon the trial court in the first instance, and on appeal upon this court." (*White et al. v. State, supra.*)

While this court is committed to the doctrine that it will disregard technicalities and harmless errors, it will not permit a conviction to stand which is had, as in this. case, by a violation of the well established rules of law.

"Where in a criminal case the evidence is insufficient to sustain the conviction, in that the evidence is insufficient to show the commission of the offense charged, the judgment of conviction will be reversed on appeal." (*Leola Marston v. State,* 9 Okla. Cr. 275, 131 Pac. 716.)

There are very many errors assigned which we deem unnecessary to review, as the errors pointed out must work a reversal of this cause.

To the county judge is committed the general supervision of the estates of minors, and when the defendant declined to answer questions propounded to him concerning the condition of his ward's estate, upon the ground that they might incriminate him, there was ample ground for the removal of this guardian and the appointment of his successor, and for a demand upon the defendant for the funds which had come into his hands as such guardian. If this had been done, though a demand for the funds is not essential as the misappropriation of the funds may be otherwise shown, and the defendant had failed to respond to such demand, such evidence would have completed the necessary evidence of the *corpus delicti* of the offense charged; while, on the other hand, had the defendant properly responded to a demand for said trust funds which had come into his hands as such guardian, this trial would have been avoided and the interests of the minor properly protected. It is to be regretted that the county judge did not properly view the situation and act accordingly.

The cause is reversed and remanded.

ARMSTRONG and BRETT, JJ., concur.

NOTE. — One of the judges of this court, Hon. THOMAS H. DOYLE, having been disqualified, and this fact having been duly certified to Gov. R. L. Williams, he thereupon appointed Hon. WILLIAM A. COLLIER as special judge of the Criminal Court of Appeals for the trial and determination of this case. Judge COLLIER having duly qualified as special judge, the case

was submitted upon oral argument and briefs by both parties.