# GENE LYLES v. STATE.

No. A-6334. Opinion Filed July 14, 1928.
(268 Pac. 999.)

John B. Ogden, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was charged in the county court of Carter county with the crime of unlawful possession of intoxicating liquor with the intent to sell, barter, give away, and otherwise furnish the same to others, and upon trial was convicted, amd his punishment fixed at a fine of $50 and cost, and 30 days' imprisonment in the county jail. Motion for new trial was filed and overruled, and exceptions saved. From the judgment and sentence the defendant has appealed to this court.

The testimony on behalf of the state is, in substance, as follows: That Bob Short, a deputy sheriff, with a search warrant, searched the premises of the defendant, and the Phipps & Gassoway General Merchandise Store, and found no intoxicating liquor, that the deputy got a key from one of the employees of the firm of Phipps & Gassoway and unlocked a little building and under the couch found a gallon

of whisky. He claims there was a hole in the wall of the little building large enough to put the whisky through into the building. Bob Short, a deputy sheriff, testified that after the search was made and they found the whisky, the defendant in this case told him the whisky was his; there is no testimony showing the defendant had anything to do with this small building either actively or constructively. The only testimony tending to connect the defendant with the whisky is the testimony of the deputy, in which he states that the defendant told him it was his whisky.

The justice of the peace, W. E. Nall, was with the deputy when he made the search, and Mr. O'Dell was in the store of Phipps & Gassoway; but neither of the parties claims to have heard the defendant tell Deputy Short that the whisky he found in the small building at the rear of the Phipps & Gassoway Store was his. The witness O'Dell, called on behalf of the state, testified that the defendant did not have control of the little building in which it was claimed the whisky was found and did not have a key to the building.

At the close of the state's testimony, defendant demurred to the evidence on the ground that the same was insufficient to sustain a conviction, which demurrer was overruled, and defendant excepted.

The defendant in his own behalf testified, in substance, as follows: That he owned a barber shop; that when the officers came he had gone down the street to a hamburger stand to get something to eat; that when he returned the deputy was in the back end of his place of business; that "he never asked me if it was all right; he did not find anything in my place; he asked me about the little building back of the Phipps & Gassoway Store, and I told him I did

not have control of it; afterwards he got a key from some one in the Phipps & Gassoway Store and searched it, and claims to have found some whisky; I never told him it was my whisky; I did not have control of the building in which he claims he found the whisky;" there was no hole in the wall of the building, large or small. The foregoing is in substance the testimony introduced in the case.

The defendant has assigned seven errors alleged to have been committed by the trial court. Assignments 1, 2, and 3 are in substance the same; that is, that the verdict of the jury is contrary to the law and the evidence, and that the court erred in overruling his motion for a new trial. The question to be determined in this case is the question as to whether or not, under the evidence in this case and the law applicable thereto, the evidence is sufficient to sustain the verdict of the jury. The charge against the defendant is possession of intoxicating liquor with intent to sell, barter, give away, and otherwise furnish the same to others. The state did not offer any testimony tending to show actual possession of the whisky alleged to have been found by the officer, and there is no testimony showing constructive possession. The testimony of the state shows that the building in which it is alleged the whisky was found was in possession of others, and that the defendant did not have control of the building or a key to the building.

The only testimony offered by the state tending to show the defendant's possession of the whisky alleged to have been found is a statement of the deputy sheriff, in which he states that he had searched the premises of the defendant and found nothing, and had searched the store of Phipps & Gassoway and found nothing, he secured a key from Mr. O'Dell, an em-

ployee of Phipps & Gassoway, and unlocked a small building at the rear of the store and found a gallon of corn whisky. The deputy stated that defendant told him it was his whisky. Witness Nall, who claims to have been the justice of the peace who issued the search warrant, and witness O'Dell, testifying on behalf of the state, did not hear any such statement made by the defendant. The defendant states positively that he did not make the statement to Bob Short that it was his whisky; that it was not his whisky; that he did not have possession or control of the building in which the deputy sheriff claims it was found. Defendant also stated there was no hole in the side of the building where they claim the whisky was found, large or small. The defendant is corroborated by the witness O'Dell.

In this case the jury was instructed that the defendant was presumed to be innocent of the crime charged against him, and it devolves on the state to prove his guilt by competent and legal evidence to the satisfaction of the jury beyond a reasonable doubt. The court also advised the jury that any person who unlawfully had in his possession intoxicating liquor with the unlawful intent to sell, barter, give away, or otherwise furnish the same to others is guilty of a misdemeanor, and if the jury found the defendant committed the crime charged in the information, it would be the duty of the jury to convict the defendant.

Under the court's instruction, before the jury was warranted in finding a verdict of guilty against the defendant, it was necessary that they find from the testimony beyond a reasonable doubt that the defendant had in his possession the whisky alleged in the

information, with the intent to sell, barter, give away, and otherwise furnish the same to others.

This court has held that it would not disturb the verdict of a jury where there is any competent evidence to support the finding of the jury, even though the evidence is conflicting. In every prosecution it devolves upon the state to prove the corpus delicti; that is, the fact that the crime charged has been actually perpetrated. Marston v. State, 9 Okla. Cr. 275, 131 P. 716; Waide v. State, 13 Okla. Cr. 165, 162 P. 1139. The corpus delicti cannot be established by the confession of the accused alone. Waide v. State, 13 Okla. Cr. 165, 162 P. 1139.

In this case there is no corroborating testimony of the witness for the state who testified as to the statement of the defendant that he owned the whisky, and the statement of the witness is contradicted and positively denied by the defendant. From a careful examination of the record, we find the evidence insufficient to sustain the verdict and sentence. The court erred in overruling the demurrer of the defendant to the evidence.

There are other errors assigned, but we do not deem it necessary to consider them.

The judgment is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.