## SAMUEL KUTZ v. STATE.

No. A-6844.  Opinion Filed Oct. 19, 1929.
(281 Pac. 809.)

Baskin & Buscy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted of having possession

of intoxicating liquor, to wit, home-brew, with the unlawful intent to barter, sell, give away, and otherwise furnish the same to others, and was sentenced to pay a fine of $50, and be imprisoned in the county jail for 30 days. From which judgment and sentence the defendant has appealed to this court.

The testimony on behalf of the state, in substance, is as follows: That the officer went to the defendant's home and searched the same and did not find any intoxicating liquors, but something more than 200 yards across the section line on another farm found some home-brew in bottles. It was not analyzed; the only testimony about its intoxicating effect is a statement by one of the witnesses that he tasted it. There is no testimony to show that the defendant was ever in possession of this home-brew or had anything to do with it. The officer did not find him in possession. One of the officers testified that the defendant told him that the home-brew was his. The defendant testifying in his own behalf denied he made such a statement, said it was not his home-brew, but that it belonged to Dick Hale, who had been working with him at one time and had lived at his place. Defendant denied he had anything to do with the home-brew, or that he had any ownership in it. Several of defendant's neighbors testified that the defendant's reputation was good. One witness who claimed to live about five miles from the defendant testified that defendant's reputation was bad. The only testimony offered by the state attempting to connect the defendant with the home-brew was the testimony of one of the officers who stated that the defendant told him, when they found several bottles, defendant said that was all he had. This is controverted by the defendant.

The defendant has assigned four errors, designating them by A, B, C, and D, alleged to have been committed

by the trial court. In his first assignment the defendant alleges:

"That the evidence was insufficient to warrant or justify the jury in returning a verdict of guilty, in that the corpus delicti was not established by the proof of state, however, admitting that the corpus delicti were established, which the plaintiff in error denies, the evidence wholly failed to connect the plaintiff in error with the alleged offense."

In every criminal prosecution it devolves upon the state to prove the corpus delicti, that is, that the crime charged was committed by the accused; and this must be established as an independent fact, beyond a reasonable doubt, but it is not necessary that it be proven by direct and positive proof; it may be proven by circumstantial evidence, if from all the circumstances the jury is satisfied the defendant was guilty beyond a reasonable doubt. Corpus delicti cannot be established by the confession of accused alone. Waide v. State, 13 Okla. Cr. 165, 162 Pac. 1139.

It is urged by the defendant in his second assignment of error:

"That the trial court committed error in not sustaining the demurrer of the plaintiff in error to the evidence offered by the state, and advising the jury to acquit the defendant for the reason that the state not only failed to prove that an offense had been committed but failed to connect the defendant in the lower court with such offense, if any were committed, as disclosed by the testimony of the state's witnesses."

After an examination of the testimony contained in the record we hold that the state wholly failed to connect the defendant with the possession of the home-brew

claimed to have been found by the officers, and the demurrer of the defendant to the testimony should have been sustained.

There being no competent testimony to sustain the judgment, the cause is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.