## ARTHUR ROSS et al. v. STATE.

No. A-7223. Opinion Filed June 14, 1930.
(289 Pac. 358.)

C. D. Peck and W. L. McCann, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Oklahoma county on a charge of larceny of an automobile, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years for each of them.

J. Lawrence Smith testified for the state that he was the owner of a Ford sedan which was stolen on or about the 20th day of December, 1927, but that he had no personal information as to who committed the theft. The state then called C. C. York and Clarence Hurt, police officers in Oklahoma City and connected with the stolen car department, who testified that they arrested Arthur Ross and Charley Heath, two young boys as the thieves; that they took them to the police station and booked them for investigation and about an hour afterward brought

the defendants out one at a time for "investigation" (?). There were no eye-witnesses to the theft of the car. At the time these officers were called to testify as to confessions made by the defendants, their counsel objected on the ground that the pretended confessions were procured from the defendants by third degree methods after personal assaults had been committed by these witnesses upon the defendants and after veiled threats to take them out and permit them to be killed had been made. In the absence of the jury the court permitted defendant's counsel to cross-examine C. C. York, who admitted on cross-examination that they did not bring the prisoners from their cells to take them before any magistrate, but brought them out for investigation and took them to a private room in the police station. The witness admitted that he caught one of the defendants by the hair and started to hit him, as he claimed because the defendant called him "a damn liar," and further admitted that he and the other officers told them that they were going to take them out to the show grounds where the watchman was, and if he identified them and if they did not tell about it, that they ought to leave them out there. Witness denied that he said they would take them down to the river and they would not come back, but defendants both testified that that was what he said. Another officer testified in the preliminary that the witness York did strike the prisoners in the face after making these admissions. In the presence of the jury the court permitted the witnesses to testify that the defendants "confessed" (?) to the stealing of the automobile in question.

The defendants assign numerous errors, some of which have merit, but it will only be necessary to consider the objection of the defendants to the admission of the purported confessions of the defendants. This court

has held in numerous cases that when confessions were not voluntarily made it was error to admit them. Berry v. State, 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849; Waide v. State, 13 Okla. Cr. 165, 162 Pac. 1139; Lucas v. State, 26 Okla. Cr. 23, 221 Pac. 798.

Primarily there are two facts which render a confession inadmissible as evidence. First, that it was obtained under any form of compulsion, so that to receive it in evidence would violate the defendant's constitutional privilege against self-incrimination, and second, that it was made under such circumstances of hope and fear as to create a fair probability of its testimonial untrustworthiness. The case at bar falls squarely within this rule. From the admissions of the officers themselves it is evident that the purported confession was obtained under compulsion and by use of threats. Both of the defendants were about seventeen years of age. Young and immature boys, arrested on suspicion, taken to the city jail and from there to the "sweat-room," where the third degree was applied, and, as a result of intimidation, threats, and abuse, the purported confessions were obtained.

We take this occasion to condemn such practices in unmeasured terms. We are not living in the dark ages, in the time when the defendant had no rights which anybody was bound to respect, but we are living in an enlightened and modern age, where the defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt and where he is entitled to be confronted by his accusers and to meet a charge in writing duly verified and to give bail to be represented by counsel. All of these constitutional rights were denied the defendants in the case at bar, and by means of threats and intimidation the purported confessions were obtained from these young boys. The state of Oklahoma does not sanction

42

such methods of obtaining evidence. County attorneys should refuse to prosecute cases where the evidence was procured as this evidence was. The trial court erred in overruling the objections of the defendants to the introduction of these purported confessions. The state having no other evidence that tended to connect these defendants with the commission of the crime, there was no competent evidence to go before the jury, and the trial court should have directed them to find the defendant not guilty. For the reasons stated, the cause is reversed, with directions to dismiss the case and exonerate the bonds of the defendants.

EDWARDS, P. J., and DAVENPORT, J., concur.