Argued October 27; decided November 8, 1897.

## STATE *v.* MARCO.

[50 Pac. 799.]

INTENT AS AN ELEMENT OF EMBEZZLEMENT.— A felonious intent is an essential element of the crime of embezzlement; before a conviction can be had on that charge it must distinctly appear that the accused made an intentionally wrong disposal of the funds entrusted to his keeping.

EVIDENCE OF INTENT.— Evidence that the treasurer of an association charged with embezzlement of the funds of the association which he invested in a note, indorsed the note to the president of the association for collection as its funds, before any charge was made against him, and informed him as to the purpose of the indorsement, is admissible as tending to negative the essential element of an intent to cheat and defraud the association.

HARMLESS ERROR.— Error in excluding testimony is not harmless, though the witness had already testified to substantially the same thing without objection, where the ruling was made at the end of a colloquy between his attorney and the court, during which the attorney stated what he expected the witness would testify and his object in offering the testimony, and the jury must have understood that the court considered the testimony entirely immaterial.

MATERIAL EVIDENCE.— Where a treasurer of a society was charged with embezzling certain trust funds that he had loaned on a note, it was material and competent to show that he had indorsed the note to the president of the society for collection as trust money, though it did not appear that the president was acting in his official capacity when he received the note, or that he had authority to receive it at all.

From Multnomah:  THOS. A. STEPHENS, Judge.

Cesaro Marco was convicted of embezzlement and appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Martin Luther Pipes.*

For the state there was a brief and an oral argument by *Messrs. Cicero Milton Idleman,* attorney-

general, *Chas. Freeman Lord*, district attorney, and *Daniel James Malarkey*.

MR. JUSTICE BEAN delivered the opinion.

During the year 1895 the defendant was the treasurer of the Mazzini Society, a fraternal organization in the City of Portland, and as such received about $1,500 of its funds. The financial embarrassment of his bondsmen prompted the society in October, 1895, to look after its money, and a committee for that purpose waited upon the defendant, but, being unable to get a satisfactory settlement, caused his arrest and commitment to await the action of the grand jury upon a charge of embezzlement. On January 13, 1896, a new set of officers having been elected, a demand in writing was made upon him to turn over to his successor in office all the money and property of the society in his hands. This he failed to do at the time, and a few days later the indictment upon which he was tried and convicted was returned against him. While the amount of money alleged to have been embezzled by the defendant is the sum of $1,500, his conviction depended largely, if not entirely, upon the fact as to whether a certain loan of $1,150 made by him to Arata, one of his bondsmen, on April 30, 1895, was wrongful, and made with intent to steal the money. Concerning this loan, the defendant, who offered himself as a witness in his own behalf, testified, among other things, that at the time he made it he took a note therefor payable to himself, which he indorsed over to Cordano, the president of the

society, for collection as its funds some two or three
weeks before he was arrested, and before any de-
mand had been made upon him for the money.
He was thereupon asked by his counsel, "Did you
inform him (meaning Cordano) what it was for?"
(meaning the endorsement of the note). This ques-
tion was objected to as incompetent and immaterial,
and a colloquy ensued between court and counsel,
which terminated in the objection being sustained
and the witness not allowed to answer. In our
opinion this was error. A felonious intent is an
essential ingredient of the crime charged against
the defendant, and before he can be convicted it
must distinctly appear that he made an intention-
ally wrong disposal of the funds of the society,
with a felonious intent to cheat and defraud it.
The mere fact that he failed or was unable to pay
the money over on demand of the committee or to
his successor in office is not enough, if that intent
is not plainly apparent: *People* v. *Galland,* 55 Mich.
628; *People* v. *Hurst,* 62 Mich. 276; *State* v. *Reilly,*
4 Mo. App. 392, and Rapalje on Larceny, § 370.
It follows that if the defendant had authority to
make the loan to Arata, as he claims, or if, acting
in good faith, he believed he had such authority,
and made it with no intent to injure or defraud the
society, or steal the money, he is not guilty of the
crime of embezzlement in so doing, although he
may be liable civilly.

Now, it was clearly competent, as bearing upon
the question of his intent, to show that he treated
the note as the property of the society, and as such

indorsed it over to Cordano, its president, for collection, prior to the time of his arrest, and prior to the time, so far as this record discloses, of any question being raised as to the safety of the funds of the society. The rule is likewise well established that when proof of an act is material anything said accompanying its performance explanatory thereof or showing its purpose or intention is also competent as part of the *res gestae:* 1 Greenleaf on Evidence, §§ 108, 109; Wharton on Evidence, § 262. This rule is so elementary as to require no argument or further citation of authorities. But the state contends that the error was harmless because the defendant had already testified to substantially the same thing without objection. Assuming that he had been permitted to so testify we are unable to see how that fact could have the effect of curing the subsequent error. The record discloses that during a colloquy between court and counsel concerning the competency of the testimony, defendant's counsel stated at some length what he expected to show by the witness and the use he proposed to make of the testimony, so that, when the court sustained the objection, the jury must necessarily have understood that in its opinion the purpose for which the note was indorsed over to the president of the society was wholly immaterial, thus virtually nullifying the effect of all previous testimony on that subject.

It is also claimed that the evidence was immaterial because it was not shown that the president was acting in his official capacity when he received

the note, nor that he had authority from the society to do so. This point would probably be well taken if this was an action by the society against the defendant to recover the money and he had pleaded a settlement with its president. But such is not the case. This is a criminal prosecution, and the evidence was offered for the purpose of showing the defendant's good faith in the transaction, and not to show that the society was bound by either the act of himself or its president in transferring or receiving the note.

There are several other questions discussed in the briefs, but as many of them are not very clearly presented by the record and may not arise on another trial we have thought it unnecessary to consider them at this time. Judgment reversed and new trial ordered.

REVERSED.

Decided August 31, 1897.