## ABE GREEN v. STATE.

No. A-948.    Opinion Filed April 19, 1912.

(122 Pac. 1108.)

1.    **INDICTMENT AND INFORMATION—Matters to be Proved—Corpus Delicti—Guilt of Accused.** In every criminal prosecution it devolves upon the state to prove, first; the corpus delicti; second, that the crime charged was committed by the accused.

2.    **WORDS AND PHRASES—"Corpus Delicti."** The "corpus delicti" means, when applied to any particular offense, the actual commission by some one of the particular offense charged.

3.    **APPEAL—Sufficiency of Evidence.** Where the evidence only raises a mere suspicion of the guilt of the accused, it is insufficient to warrant a conviction; and where it clearly appears that the findings of fact and the decision of the trial court have no substantial support, or are clearly without support in the evidence, the judgment will be reversed.

(Syllabus by the Court.)

*Appeal from Superior Court, Custer County;*
*J. W. Lawler, Judge.*

Abe Green was convicted of violating the prohibitory law, and appeals: Reversed and remanded.

*LeRoy Jones,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Abe Green, was charged, by information filed in the superior court of Custer county, with, on July 15, 1910, unlawfully selling to one Warren Lucas a bottle of beer for 50 cents. On the same day, another information was filed, identical, except it alleged the sale to one W. M. Heiligman.

At the September term of said superior court, the first case came on for trial, and, inasmuch as both cases involved the same transaction, place, circumstances, and witnesses, it was agreed by the state and the defendant that the two cases be tried together, and, a jury being waived, the cases thus consolidated were tried before the court. The state introduced its evidence and rested, and the defendant interposed a demurrer thereto, for the reason it wholly fails to sustain the allegations in the information. The demurrer was by the court overruled and exception allowed. The defendant then took the stand and testified on his own behalf.

The finding of the trial judge upon the facts proven was that the defendant was guilty in each case. The defendant filed a motion for a new trial, on the ground that there was no evidence showing the commission of the offenses charged, which was overruled by the court. September 30th judgment and sentence was entered that the defendant serve a term of 30 days in the county jail and pay a fine of $50 in each case. The defendant appealed.

The petition alleges that the court erred in overruling the demurrer to the evidence; that the evidence is insufficient to sustain the finding and decision of the court; that the court erred in overruling the motion for a new trial. The assignments of error all go to the sufficiency of the evidence.

Before reviewing the evidence, it is proper that we should briefly notice the established rules to be observed in considering this question.

In every criminal prosecution, it devolves upon the state to prove, first, the *corpus delicti* (that is, the fact that the crime charged has been actually perpetrated) ; second, that it was committed by the accused. This court will not ordinarily disturb the decision of a trial judge in overruling a demurrer to the evidence, or in denying a motion for a new trial, based upon the insufficiency of the evidence to support the finding of the trial court,

where a jury has been waived; and it will not do so where the record discloses evidence showing the commission of the offense charged, and from which guilt of the defendant can be fairly inferred; but it will interfere where it clearly appears that the findings of fact and the decision of the trial court have no substantial support, or are clearly without support in the evidence.

There is no conflict in the testimony as to any material fact. The facts as they appear from the record are as follows:

C. B. Wood, first witness, testified that he had a search warrant, and with J. T. Malone went to the defendant's dugout, and there found about a dozen bottles of beer; that Lucas and Heiligman were in the dugout, but did not see them have any beer in their possession.

J. T. Malone, the next witness, testified substantially the same as Mr. Wood.

The next witness for the state was Wm. Heiligman, to whom, it is alleged in the one information, the defendant sold the beer. He testified, in substance, that on the day in question he saw the defendant somewhat intoxicated on the street in Clinton, and heard him say that he had just had a cold bottle; that he had some cool ones; that he and a Mr. Bulow concluded that they would go down to the defendant's house and see if they could find any beer, and if they could they would drink a bottle and say nothing to the defendant about it; that they went to the defendant's place and went into his dugout, and there they found Warren Lucas; that there was some beer in a tub; that they were about to drink some of it when the officers and the defendant came down upon them; that the defendant did not know that they were there, and he was not with them at the dugout until he came with the officers; that witness did not pay for the beer, had no agreement to pay for it, and did not intend to pay for it, and that the defendant could not have expected him to pay for it; that he never bought any intoxicating liquor of the defendant; that witness simply stole a bottle of beer.

Warren Lucas, to whom, it was alleged in the other information, the defendant sold beer, was the next witness for the state, and testified substantially the same as the preceding witnesses;

that he went to the defendant's dugout, without the defendant's knowledge, and took a bottle of beer, without any intention of buying or paying for the same, and did not pay for the same, or agree to do so; that he never bought any beer at any time from the defendant.

This was all the proof on the part of the prosecution. By a demurrer to the evidence, all just inferences which can be drawn therefrom are admitted. Is this evidence sufficient to establish the *corpus delicti,* sufficient to warrant the court in finding that the offense charged had been committed? We think not. The evidence, at best, only raises a mere suspicion of the guilt of the defendant, and the demurrer thereto should have been sustained.

The defendant on his own behalf testified that he had been up town and returning to his home found Mr. Wood at his dug-out with a search warrant; that he did not know that Lucas and Heiligman were in his dugout; that he had about a dozen bottles there for his own use; that he had never offered to sell, and did not sell either Lucas or Heiligman or any person any beer.

This was all the testimony in the case.

Being clearly of opinion that the finding of the court and judgment of conviction is without support in the evidence, such judgment will be reversed. The judgment of the superior court of Custer county is therefore reversed, and the cause remanded thereto.

FURMAN, P. J., and ARMSTRONG, J., concur.