## CHOATE v. STATE.

No. A-2208.   Opinion Filed October 14, 1916.

(160 Pac. 34.) ..

1.  **SUFFICIENCY OF EVIDENCE — Corpus Delicti — Question for Jury.** A conviction cannot be had upon a defendant's extrajudicial admissions alone, unless the state proves in some way the corpus delicti, independent of the defendant's admission. Direct and positive proof is not essential to establish the corpus delicti, but it may be proved by circumstantial evidence. And when it is proved by circumstantial evidence, the question should be submitted to the jury along with the other questions of fact in the case, as to whether or not the state has established the corpus delicti beyond a reasonable doubt.

    (a) The danger which this rule is supposed to guard against is greatly exaggerated in common thought. Yet there are rare instances of morbid minds that need to be protected by this rule against their own perversity and morbid imagination.

    (b) To prove the corpus delicti is a simple matter. If a dead body is found with marks of violence upon it, or other circumstances that indicate that deceased came to his or her death by unnatural or violent means, proof of such fact, independent of

*Blanton & Andrews, W. H. Lasater,* and *Carr & Field,* all of Pauls Valley, for plaintiff in error.

defendant's confession, establishes the corpus delicti in a murder case. And to prove the corpus delicti in a charge against a guardian for embezzlement it is only necessary to prove the relation of guardian and ward, that the guardian received certain funds belonging to the ward's estate, and to show by some fact or circumstance, independent of the defendant's admission, that he did not have the funds, or that they had been dissipated or fraudulently misappropriated.

2.    ADMISSIONS—Voluntary Character. The fact that one is brought into court by process to give his testimony by no means renders the statements made in such testimony involuntary.

3.    EMBEZZLEMENT—Criminal Liability—Defenses. A claim that one charged with embezzlement appropriated the funds, alleged to have been embezzled in good faith, believing the owner of the funds was indebted to him in the amount appropriated or more, is under our statute, no excuse or defense whatever. And to all intents and purposes such a claim made in open court would amount to a plea of guilty.

*Error from District Court, Garvin County*
*R. McMillan, Judge.*

J. H. Choate was convicted of embezzlement, and brings error. Reversed.

*S. P. Freeling,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

BRETT, J. The defendant (plaintiff in error) in this case is a full-blood Indian, and was appointed guardian of his minor children, and was subsequently prosecuted, and convicted of embezzling $1,463.82 belonging to the estate of Phelix N. Choate, one of his wards.

(1) The defendant did not go upon the witness stand in this trial, and complains that he was convicted solely upon admissions made by him in the county court, at a hearing in the guardianship matter of Phelix N. Choate and others, and that there was no evidence offered by the state to prove the *corpus delicti* before these admissions were admitted in evidence, and that these admissions could not be used in evidence against him

until the state had first proved by evidence, independent of his admissions, the *corpus delicti.*

The letters of guardianship, the proceedings in the sale of real estate, including the order of confirmation, and the guardian's report acknowledging receipt of the funds charged to have been embezzled were all introduced in evidence, which properly established the relation of guardian and ward, and charged the guardian with the funds alleged to have been misappropriated. But there was no evidence that he had misappropriated the money, or that he did not have the total amount in hand offered by the state before introducing in evidence his admissions at the hearing in the county court; and the fact that the funds had been misappropriated was an essential of the *corpus delicti* in this case. To show that the relation of guardian and ward existed, and that certain funds belonging to the ward's estate had been received by the guardian, did not prove that a crime had been committed. And to prove that fact, or the *corpus delicti* of the offense charged, the state should have gone one step farther, and shown in some way, independent of the defendant's admissions, that he did not have the funds, or that they had been dissipated or fraudulently misappropriated. Direct and positive proof is not essential to establish the *corpus delicti,* but it may be proved by circumstantial evidence. And when it is proved by circumstantial evidence, the question should be submitted to the jury along with other questions of fact in the case as to whether or not the state has established the *corpus delicti* beyond a reasonable doubt. But it is an old and well-established rule of law that the fact must in some way be established, independent of the defendant's admissions, that the crime has been committed, before the court will permit a conviction on the extrajudicial statement of the party charged, that he committed the crime.

(a) As stated by Mr. Wigmore (Wigmore on Evidence, vol. 3, sec. 2070), the danger which this rule is supposed to guard against is greatly exaggerated in common thought. Yet there are rare instances of morbid minds that need to be protected by

this rule against their own perversity and morbid imaginations. A notable case of this kind occurred in England in 1660 where one of two brothers confessed that he, his brother, and his mother murdered his master. They were all executed for the crime. And two years later his master returned home and explained that he had been kidnapped by the Turks. *Perry's Case,* 14 How. St. Tr. 1312. Other similar, though not numerous cases, are on record. Hence appellate courts, which not only deal with individual cases, but must declare rules broad enough to protect the substantial rights of every citizen, even the most unfortunate, as well as society, have guarded against the recurrence of such cases as the one above cited by requiring the state to first prove, by evidence independent of the confession, that the crime charged· has been committed, before receiving the confession of the accused that he committed it. And this works no hardship on the state; for it certainly should have some tangible evidence in hand that a crime has been committed before it accuses one of its citizens of its commission. We might cite numerous authorities in support of this proposition, but this court is committed to the· doctrine, and it is almost universal. *Shires v. State,* 2 Okla. Cr. 89, 99 Pac. 1100; *Frazier v. U. S.,* 2 Okla. Cr. 657, 103 Pac. 373; *People v. Simonsen,* 107 Cal. 345, 40 Pac. 440; *People v. Jones,* 123 Cal. 65, 55 Pac. 698; *People v. Eldridge,* 3 Cal. App. 648, 86 Pac. 832; *People v. Grill,* 3 Cal. App. 514, 86 Pac. 613; *People v. Frey,* 165 Cal. 140, 131 Pac. 127; *People v. Spencer,* 16 Cal. App. 756, 117 Pac. 1039; *Ashby v. State,* 124 Tenn. 684, 139 S. W. 872; *Sullivan v. State,* 58 Neb. 796, 79 N. W. 721; *People v. Vertrees,* 169 Cal. 404, 146 Pac. 890.

(b) To prove the *corpus delicti* is a very simple matter. If a dead mody is found with marks of violence upon it, or other circumstances that indicate that deceased came to his or her death by unnatural or violent means, the proof of such fact established the *corpus delicti* in a murder case. And to prove the *corpus delicti* in the case at bar it was only necessary to prove the relation of guardian and ward, that the guardian received certain funds belonging to the ward's estate, and to show by

some fact or circumstance, independent of the defendant's admission, that he did not have the funds, or that they had been dissipated or fraudulently misappropriated. But there was no evidence in this case of a demand on the defendant to pay the money into court, or to his successor as guardian, and that he did not do so. Not even a circumstance, independent of his admissions, to show that he did not have the money, or had misappropriated it, was offered in evidence by the state to establish the *corpus delicti* before offering the admissions made by the defendant at the hearing in the county court. And in failing to do this the state did not comply with the requirements of the law before offering these admissions.

(2) 2. The defendant next contends that the statements made by him at the hearing in the county court were obtained by force, threats, intimidations, and duress, and therefore could not be used against him. But we think this claim is without merit. He freely and voluntarily and without any objection made these statements at this hearing in the county court. And the fact that he was brought into court by legal process to give his testimony by no means renders it involuntary. The county court had a right to inquire into and to know how he was handling his ward's estate; and the process by which he was called into court to give this information was only a means of informing him that the court desired to inquire into the condition of the estate and his manner of handling it. And no reasonable construction can render the statements made at that hearing involuntary. *Scribner v. State,* 9 Okl. Cr. 465, 132 Pac. 933, Ann. Cas. 1915, 381; *Faucett v. State,* 10 Okla. Cr. 111, 134 Pac. 839.

(3) 3. Again it is argued that the defendant claims "he appropriated the money in good faith, believing that the ward was indebteded to him in this amount or more." And counsel ask:

"Can any reason be given why section 2678, R. L. 1910, should not apply in a case of this character, where it is provided, 'That in any prosecution for embezzlement it is a sufficient de-

fense that the property was appropriated openly and avowedly, and under a claim of title preferred, in good faith, even though such claim was untenable'?"

Our answer to this question is that, under section 2678, Revised Laws 1910, quoted in part by defendant, such a claim amounts to no defense or excuse whatever. That section, in addition to the portion quoted by defendant, provides that:

"Upon any prosecution for embezzlement it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith even though such claim is untenable. But this provision shall not excuse the retention of the property of another, to offset or pay demand held against him."

Consequently the excuse suggested by counsel is specifically legislated against, and declared to be "no excuse for the retention of the property of another"; and to all intents and purposes such an excuse would amount to a plea of guilt. But the defendant did not take the witness stand, or offer any such excuse, or make any such admission at the trial of this case, either in person or by counsel; if he had, such a judicial admission would have presented an entirely different situation to that disclosed by the record.

There are other errors assigned, but, as the judgment must be reversed on the ground that a conviction cannot be had upon the defendant's admissions alone without some semblance of proof of the *corpus delicti,* independent of the defendant's admissions, we deem it unnecessary to pursue the matter further.

The judgment is reversed.

DOYLE, P. J., and ARMSTRONG, J., concur.