## W. M. HENRY v. STATE.

No. A-2563.   Opinion Filed January 12, 1918.

(169 Pac. 658.)

EVIDENCE—Corpus Delicti—Conviction. In a criminal case a conviction cannot be had on the extrajudicial confessions of the defendant, without evidence aliunde of the corpus delicti, but direct and positive proof of that fact is not indispensable.

*Appeal from County Court, McIntosh County;*
*John W. Robertson, Judge.*

W. M. Henry was convicted of giving away teachers' examination questions, and he appeals. Reversed and remanded.

*Turner & Turner* and *S. M. Rutherford,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for State.

MATSON, J.  This prosecution is based on section 12 of article 14 of chapter 219, Session Laws 1913, which provides as follows:

"Should any person offer to sell, barter or give away what purports to be copies of questions to be given at a future examination, he shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not less than one hundred dollars nor more than three hundred dollars and shall be confined in the county jail for not less than thirty days nor more than six months and be forever barred from teaching in any of the public schools of this state."

The defendant was convicted in the county court of McIntosh county of having sold, bartered, and given away certain examination questions to be given in a future examination for teachers' license to be held in said county to one A. Foster, then and there an applicant for a teacher's license at said examination.  His punishment was fixed at a fine of $100 and 30 days' imprisonment.

Among the alleged errors assigned for grounds for reversal is that there is no sufficient proof of the *corpus delicti*.  It is claimed that the proof of the *corpus delicti* is based solely upon the extrajudicial confession of the defendant.

In *Shires v. State*, 2 Okla. Cr. 89, 99 Pac. 1100, this court held:

"In a criminal case a conviction cannot be had on the extrajudicial confession of the defendant, without evidence *aliunde* of the *corpus delicti*, but direct and positive proof of that fact is not indispensable."

To prove this offense the state relied wholly upon the testimony of Charles H. Wilson, the superintendent of schools of McIntosh county, who was then in charge of

the examination. A. Foster, to whom it was alleged the defendant illegally furnished the questions to be given, was not produced as a witness by the state.

The testimony of the county superintendent touching proof of the *corpus delicti* related solely to an extrajudicial confession alleged to have been made by the defendant to him at the time certain questions which were to be given in arithmetic on the succeeding day of the examination were found in possession of Foster. There was some slight circumstantial evidence which rendered the conduct of the defendant very suspicious, but these circumstances did not in fact connect him with the actual delivery of said questions to Foster, nor was there any evidence which placed the defendant and Foster together at any time on the day it was alleged these questions were furnished. It seems that Foster was the only person by whom the state could have established these facts, and he was not produced. It does not appear why the said Foster was not called by the state as a witness, as should have been done. After a careful examination of the record, it is the opinion of the court that the proof of the *corpus delicti* in this case does not meet the requirements of law as established in *Shires v. State, supra,* and for this reason the judgment is reversed, and the cause remanded for further proceedings.

Other alleged errors are assigned, among which it is contended that the information upon which this prosecution is based is insufficient. We have examined the information as amended; in our opinion, it is clearly sufficient to meet all the requirements necessary where a statutory offense, such as this, is pleaded.

DOYLE, P. J., and ARMSTRONG, J., concur.