## WILLIAM BOYLE v. STATE.

No. A-4319.    Opinion Filed June 5, 1924.·
(226 Pac. 389.)

(Syllabus.)

1.    **Evidence—Confessions—Proof Aliunde of Corpus Delicti.**  In a
criminal case, a conviction cannot be had on the extrajudicial
confession of the defendant, without evidence aliunde of the
corpus delicti, but direct and positive proof of that fact is not
indispensable.

2.    **·Intoxicating Liquors—Evidence Sustaining Conviction for Un-
lawful Transportation.**  Evidence examined, and held not suffi-
cient to sustain a conviction on a charge of transporting in-
toxicating liquor.

Appeal from County Court, Cotton County; J. C. Norman,
Judge.

William Boyle was convicted of transporting intoxicat-
ing liquor, and he appeals.   Reversed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty.
Gen., for the State.

DOYLE, J.   The plaintiff in error, William Boyle, was
convicted on a charge that he did "unlawfully transport one
4-ounce bottle of córn whisky from the south side of the
Model Drug Store to the rear of a soft drink parlor known
as "Charley's Bar," both places located in Walters, and his
punishment fixed at a fine of $50 and 30 days in jail.   He has
appealed from the judgment rendered on the verdict.

It is assigned as error that the verdict is contrary to
law and the evidence, in that the proof of the corpus delicti
is based solely upon the extrajudicial confession of the de-
fendant.

The only witness sworn was W. T. Stapp, chief of police
of Walters, who testified:

"I arrested the defendant because he was drunk, and I found this little bottle of whisky in his pocket. I took him to the county attorney's office, and we took his statement. He said he had been feeling bad, sick, or something, and met a fellow he did not know on the south side of the Model Drug Store, who sold him a little bottle of whisky for $1, that he then went through Charley's place and out the back way with Mr. Horn, and had just taken a drink when arrested there."

It is a well-settled rule in this state that a conviction cannot be had on the extrajudicial confessions of the defendant, without evidence aliunde of the corpus delicti. Shires v. State, 2 Okla. Cr. 89, 99 Pac. 1100; Choate v. State, 12 Okla. Cr. 560, 160 Pac. 34, L. R. A. 1917A, 1287; Henry v. State, 14 Okla. Cr. 189, 169 Pac. 658.

"That a crime has actually been committed must necessarily be the foundation of every criminal prosecution, and this must be proved by other testimony than a confession; the confession being admitted merely for the purpose of connecting the accused with the offense. In the United States there is an almost unbroken current of decisions against the sufficiency of an extrajudicial confession to warrant a conviction for an alleged crime; the corpus delicti not being otherwise proved." 10 Ann. Cas. 913, and note.

"The grounds on which the rule requiring independent proof of the corpus delicti rests are the hasty and unguarded character which confessions often have, the temptation which for one reason or another a person may have to say that which he thinks is most for his interest to say, whether true or false, the liability which there is to misconstrue or report inaccurately what has been said, the danger of a conviction when no crime may have been committed, the difficulty of disproving what may be said, and the feeling that the rule best accords with the humanity of the criminal law and with the great degree of caution applied in receiving and weighing the evidence of confessions in other cases." 1 R. C. L. p. 588.

Upon the record in this case we hold that the evidence is insufficient upon which to base a judgment of conviction. The judgment is accordingly reversed.

MATSON, P. J., and BESSEY, J., concur.