## ALLEN CHERRY v. STATE.

No. A-5246. Opinion Filed Dec. 23, 1925.
(241 Pac. 833.)

M. D. Hartsell, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter

called defendant, was convicted in the county court of Muskogee county upon charge of manufacturing intoxicating liquor and sentenced to serve six months in the county jail and to pay a fine of $500, and has appealed.

The principal assignments of error argued are: First, that there was no corpus delicti proven other than by an extrajudicial confession of defendant; and, second, that the county attorney in his argument to the jury commented on the failure of the defendant to testify. An examination of the record discloses that at the time charged the defendant went to the witness Mack Saunders and informed him in substance that he with one Hamilton had been making whisky, and there had been a gas explosion which had killed Hamilton. Saunders then communicated with the constable, Mack Cobb, and together they went to the barn of Hamilton and found Hamilton dead as a result of burns received in a gas explosion. There was also found a gasoline stove wrecked by an explosion, signs showing that some mash had been poured out, and two jars with about a spoonful of whisky in each. The evidence of Constable Mack Cobb is to the same effect. In addition to other statements, the defendant informed Cobb that, while he had been gone to notify his brother-in-law of the explosion, somebody had stolen the still away. Those were the only witnesses used by the state and the only evidence tending to prove the commission of the crime.

It is argued this is not sufficient proof of the corpus delicti; that is, proof that defendant manufactured whisky. It has been held many times by this court, in accordance with the general rule of law, that in a criminal case a conviction cannot be had on the extrajudicial confession of a defendant without evidence aliunde of the corpus delicti. It is further generally held that the corpus delicti need not be proven by direct and positive evidence, but may be proven by circumstantial evidence, independent of the admis-

sions or confession of the defendant. Frazier v. U. S., 2 Okla. Cr. 657, 103 P. 373; Green v. State, 7 Okla. Cr. 194, 122 P. 1108; Brown v. State, 9 Okla. Cr. 382, 132 P. 359; Marston v. State, 9 Okla. Cr. 275, 131 P. 716; Choate v. State, 12 Okla. Cr. 560, 160 P. 34, L. R. A. 1917A, 1287; Francis v. State, 16 Okla. Cr. 543, 185 P. 126; Henry v. State, 14 Okla. Cr. 189, 169 P. 658; Boyle v. State, 27 Okla. Cr. 196, 226 P. 389.

Applying the rule of law announced in these cases to this evidence, we think there is no sufficient proof independent of the admissions and confession of the defendant of the manufacture of intoxicating liquor, and that the evidence is insufficient to sustain the verdict.

The record further discloses that in the argument of the case the assistant county attorney conducting the prosecution in his opening argument said:

"There is not much controversy in this case; in fact, nothing is in controversy, because everything the state has stated has been proven and stands unimpeached. The testimony in effect has not been denied."

This borders very strongly on a comment on the failure of the defendant to take the stand and testify in his own behalf. Then counsel for defendant in his argument to the jury said that the presumption of innocence followed the defendant throughout the trial, and that the defendant did not have to take the stand to refute anything that was testified to by the state. Then in the closing argument the county attorney repeatedly commented on the failure of the defendant to take the stand and testify, and, among other things said:

"There is one man in the courtroom that knows what the dead man was doing out there, and he refuses to go on the stand and tell you what he was doing. Why didn't he go on the stand and refute what these witnesses said? It was because he would have to commit perjury or some other crime."

40

Exceptions were properly saved.

It is by statute made reversible error for the county attorney to comment upon the fact that a defendant failed to testify. Section 2698, Comp. St. 1921. The statute has been many times considered and upheld by this court. The remarks made by the assistant county attorney in concluding the argument were invited by the argument of the defendant counsel. A defendant will not be heard to complain that the state counsel comments on the failure of the defendant to testify when he himself opens this question in his argument to the jury, where the comments of the county attorney are in answer to his argument.

For the reason there is no independent proof of the corpus delicti, the case is reversed and remanded.

BESSEY, P. J. and DOYLE, J., concur.