## HANCEY v. UNITED STATES.
### No. 1897.

Circuit Court of Appeals, Tenth Circuit.
Jan. 6, 1940.

Willard Hanson, of Salt Lake City, Utah, for appellant.

Dan B. Shields, U. S. Atty., of Salt Lake City, Utah (John S. Boyden and Scott M. Matheson, Asst. U. S. Attys., both of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, WILLIAMS, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by Evan Homer Hancey from a conviction by a jury in the United States District Court for the District of Utah of the crime of embezzling funds from the Cache Valley Banking Company, a Utah Corporation. The indictment charged four separate counts of embezzlement. Appellant was found not guilty on Counts 1, 3 and 4, and guilty on Count 2.

Appellant had been an employee of the bank for over 19 years. He was assistant cashier and trust officer. One of his duties was the issuing of cashier's checks. The records of the bank disclose that on February 23, 1938, he issued a cashier's check payable to General Motors Acceptance Corporation for $35 to apply on his account

with that company. The records further reveal that on the day in question a number of cashier's checks were issued, totaling $587.50. The credit ticket for that day, prepared by appellant, showed a total of issued cashier's checks of $552.50, which was the exact amount issued less the $35 check issued to pay appellant's own account.

H. R. Hurren, cashier of the bank, testified that in March, 1939, appellant had a conversation with him, in the presence of M. W. Starbuck, George Muir and F. K. Porter, bank examiners. In this conversation, appellant stated that he issued the cashier's check payable to General Motors Acceptance Corporation for $35; that he did not pay for it on that day, but did pay for it on February 28, 1938, when he received his semi-monthly salary check. Later appellant made substantially the same statement to Enos Sanberg, special agent for the Federal Bureau of Investigation of the Department of Justice. The records of the bank do not disclose that the $35 has ever been repaid.

Appellant, testifying in his own behalf, stated that the check was actually issued after business hours on February 21; that the next day was a holiday, so he dated the check February 23; that he made out a credit ticket to cashier's checks for the amount of $35 in cash; that he placed this amount, which he had saved from his last previous pay-check, along with the credit slip in his drawer in the cage; that he didn't remember when he made the entry of this credit; that he forgot about crediting the account until the check came in, and that it was then that he made the entry. He denied the testimony given by Hurren and Sanberg.

Three assignments of error are presented for consideration:

First: That the trial court erred in permitting the witness Hurren to testify to the conversation had with appellant, for the reason that the corpus delicti had not been proved, and that there was no proof whatever of the corpus delicti.

Second: That the court erred in refusing appellant's requested instructions.

Third: That there was no substantial evidence introduced at the trial tending to show that defendant was guilty of embezzlement as charged.

In every criminal prosecution the burden rests upon the government to prove the corpus delicti—that is, that the crime

charged has actually been committed and that the accused committed the crime. By corpus delicti is meant the body of the crime; that is, all the elements necessary to constitute the crime charged. Green v. State. 7 Okl.Cr. 194, 122 P. 1108; People v. Grill, 3 Cal.App. 514, 86 P. 613; Goldman v. Commonwealth, 100 Va. 865, 42 S. E. 923.

■ To constitute embezzlement there must be a fraudulent intent to deprive an owner of his property, coupled with an unlawful appropriation of the same. United States v. Breese, D. C., 131 F. 915; Moody v. People, 65 Colo. 339, 176 P. 476, 478; Ex parte Huston, 27 Idaho 231, 147 P. 1064; State v. Marco, 32 Or. 175, 50 P. 799.

■ The record shows that Hancey issued a cashier's check to make his own installment payment due General Motors Acceptance Corporation on his automobile; that such check was paid out of the funds of the bank upon its presentation; that there was a shortage in cashier's check account on February 23, 1938, of $35; that there is no record that this amount was ever repaid. This testimony clearly establishes all the elements necessary to constitute the crime of embezzlement and establishes the corpus delicti. It follows that the testimony of Hurren, Starbuck, Muir, Potter and Sanberg concerning Hancey's admissions was admissible.

Appellant requested the court to give the following instruction: "Evidence has been given as to the good character of the defendant for honesty, integrity, trustworthiness, and as a law-abiding citizen. Such good character, when proven, is a circumstance to be considered by you in connection with all the other evidence in the case in determining the guilt or innocence of the said defendant, and is of value, not only in doubtful cases, but also when the testimony tends strongly to establish the guilt of the accused. When such character is proven, it is a fact in the case, and should not be put aside by the jury in order to ascertain if the other facts and circumstances considered in themselves do or do not establish the guilt of the said defendant, but should be considered by you in connection with all the other testimony in the case, and not independently thereof. When so considering it, you have the right to give such weight to it as you may think it entitled to, and it may be sufficient, if so regarded by you, in connection with all the other evidence in the case, to create a reasonable doubt in your

minds as to the guilt of said defendant though no such doubt might exist but for such good character."

The refusal of the court to give this instruction is complained of as error. The court gave the following instruction: "Testimony has been given in this case as to the good reputation and character of this defendant. Good reputation and good character is an element that is entitled to be considered by a jury, when it is offered in the trial of a case. Men who are of good reputation and character, as you know are not given to committing crime so readily as men of bad reputation and character, and it is for that reason that it is competent for a party to give testimony in a case of his good reputation and character, and it is your duty to consider it in connection with all the other evidence in the case."

■ A court is not bound to give instructions requested by parties so long as proper instructions are given on all material issues submitted to the jury, nor is the court required to use the language which counsel employ in framing instructions, nor to repeat instructions already given in different language. Shortino v. Salt Lake & Utah Ry. Co., 52 Utah 476, 174 P. 860; Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; Ayres v. Watson, 137 U.S. 584, 11 S.Ct. 201, 34 L.Ed. 803. While the court's instruction to the jury on reputation testimony was not as full, complete and detailed as the instruction requested by appellant, it contained the substance of the requested instruction and was sufficient. No error was committed by refusing to give the instruction requested by appellant.

■ Finally, it is urged that there was no substantial evidence introduced at the trial tending to show that defendant was guilty of embezzlement as charged. This argument no doubt is based upon the theory set forth in appellant's requested instruction No. 3, which was refused, namely, that if the jury believed that the money for the cashier's check was paid to the bank before the cashier's check was presented for payment, then they should acquit him. This is not the law. The crime of embezzlement is committed when property belonging to another, rightfully in possession of accused, is feloniously appropriated. Subsequent repayment does not vitiate the crime. The gravamen of the offense is the intent, coupled with its execution. In National Life & Accident Ins. Co. v. Gibson, 101 S.W. 895, 897, 31 Ky.Law Rep. 101, 12 L.

R.A.,N.S., 717, 720, the court said: "The gravamen of the offense is the intent. There must be a criminal intent, but this intent must, of necessity, be gathered from the acts of the agent and the circumstances surrounding the particular case, rather than from his express declarations, and if the agent knowingly appropriates money belonging to his principal to his own use, even though at the time he does so he intends to restore it, it is nevertheless embezzlement within the spirit as well as the letter of the law, for when one knowingly appropriates money belonging to another to his own private use, the law presumes a criminal intent."

There was sufficient evidence to establish that appellant executed a cashier's check for his own benefit and that the same was paid with the funds of the bank; that at the time of the issuance of said check he did not deposit with the bank the money for the check, nor was the bank ever repaid this amount of money. Appellant gave testimony which, if believed by the jury, would go to establish that the crime of embezzlement was not committed. The jury resolved the question against appellant. The verdict of the jury and the judgment of the court are sustained by substantial evidence.

The judgment is affirmed.