## LEONARD HOPKINS v. STATE.

No. A-10023.  Oct. 28, 1942.
(130 P. 2d 543.)

Carl Hogge and Robt. R. Rittenhouse, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen. and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Leonard Hopkins, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $50 and costs, and has appealed.

The sole contention of defendant is that the evidence is insufficient to sustain the verdict.

The evidence showed that officers Kolb and Smith searched an empty automobile at the 1100 block on North Eldridge avenue, Oklahoma City, on September 13, 1940, and seized 390 pints of tax-paid whisky. Without objection on the part of defendant's counsel, the officers were allowed to testify that the lady at the premises where the car was found told them that it belonged to the defendant, Leonard Hopkins. On the Monday following the seizure of the liquor on Saturday, the defendant appeared at the sheriff's office inquiring about his automobile. At that time, in a conversation with the officers and the county attorney, he told them that the automobile was his, and that the whisky belonged to him; that he was carrying the title in the name of L. W. Fisher, but that the car was in fact the defendant's.

No motion to suppress the evidence was filed and no question was raised concerning the admissibility of the evidence in any manner, but the defendant relies solely upon his proposition that he should not be con-

victed on his extrajudicial confession without other facts which would tend to show that defendant was guilty of the crime charged.

A similar state of facts was before this court for consideration in the case of Gorum v. State, 60 Okla. Cr. 248, 63 P. 2d 765. In that case the officers searched a house and found 1,050 pints of whisky. The house was unoccupied. A day or two later the defendant came to the officers and asked for his whisky and accused the officers of being four or five cases short on what they had taken in the raid. It was there contended that there was not sufficient proof of the corpus delicti and the conviction should not be sustained upon the extrajudicial statement of defendant. This court affirmed the conviction in an opinion by Judge Doyle. The syllabus of that case provides:

"In every criminal prosecution it devolves upon the state to prove, first, the corpus delicti; second, that the crime charged was committed by the accused.

"The 'corpus delicti' means, when applied to any particular offense, the actual commission by some one of the particular offense charged.

"The corpus delicti may be established without showing that the offense charged was committed by the accused.

"An extrajudicial confession of the defendant is not sufficient to warrant his conviction without additional proof that the crime charged has been committed. There must be, in addition to the confession, proof of the corpus delicti, and, where the corpus delicti is established by independent evidence, a conviction based upon the defendant's voluntary confession is warranted."

The defendant herein did not testify but relied solely upon his motion for an instructed verdict of not guilty. The law, as stated in Gorum v. State, supra, has never been criticized or overruled by this court and governs

in the disposition of this case.

For the reasons hereinabove given, the judgment of the court of common pleas of Oklahoma county is hereby affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.