**W. J. (Happy) DUNN, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12078.**

Criminal Court of Appeals of Oklahoma.
Jan. 5, 1955.

Rehearing Denied Jan. 19, 1955.

Champion & Wallace, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, W. J. (Happy) Dunn, defendant below, was charged by information in the district court of Cotton county, Oklahoma, with the commission of the crime of burglary in the second degree, Title 21 O.S.1951 § 1435, in Temple, Oklahoma, on March 16, 1951. The case was tried to a jury; defendant found guilty; his punishment fixed at 3 years in the State Penitentiary; and judgment and sentence entered accordingly, from which this appeal has been perfected.

Briefly the facts alleged in the information and supported by the proof of the burglary was to the effect that the burglar broke into the Richardson Motor Company building by prying open a window with a screw driver. After gaining entrance to the said business establishment, he located the safe and proceeded to knock the knob off it. This proof was supplied by the sheriff, Mr. Richardson and his two partners. The evidence discloses that the defendant was thereafter arrested in Vernon, Texas, and held in jail. While confined in the jail at Vernon, Texas, he confessed to the burglary of the Richardson Motor Company to the Texas sheriff and others. On March 28, 1951, the sheriff of Cotton county went to Vernon where he obtained a written confession from the defendant relative to the burglary of the Richardson Motor Company in Temple, Oklahoma. It was related that in said written confession he admitted the details much after the fashion as hereinbefore set forth, and further identified the tools as being his instruments of crime, stating that he gave up the burglary when he became frightened. The record shows further that after said written confession was taken the defendant was returned to Walters, Oklahoma, where in the presence of the Cotton county attorney, Claud H. Smith (who was not present at Vernon when the written confession was taken), and in the presence of Sheriff Vantine, and Tom Jackson, deputy, both in the sheriff's office and later in the county attorney's office, the defendant made two oral confessions to the effect that the statement he made in Vernon, Texas, was true. Evidence of the contents of the said written and oral confessions was offered. To this offer objection was made by the defendant to the effect that the written confession and the matters related in the oral confession were obtained by abuse, duress, were not voluntary and constituted a violation of the defendant's constitutional rights. The trial court properly excluded the jury and heard evidence in regard to whether the confessions were voluntarily made. In this hearing it was shown that the written confession, which was sought to be orally proved, had been introduced at the preliminary hearing but had become lost and could not be produced. The evidence as to this written confession was to the effect that the defendant was advised by the Texas officers as to his constitutional rights, and that it would be used against him. The testimony offered by the state as to the oral confessions, by the then county attorney, Claud H. Smith (who at the time of the trial herein was county judge of Cotton county), consisted of detailing the manner in which he had warned the defendant of his constitutional rights to the effect that he was being held for second degree burglary and that he had a right to counsel during all the proceedings. He then told him he would give him a list of the attorneys he could contact in Walters, and that he would send out and get an attorney for him, if he desired him to do so. He further testified that he told him that any statement he might make must be voluntary, since it could be used against him and that if he had anything to say he would listen to it. He related that the statement he made in the county attorney's office and in the sheriff's office were substantially the same. He further testified that the defendant admitted the burglary and identified the tools used in the burglary as being his instruments of crime. In this he was corroborated by Sheriff Vantine of Cotton county, and others.

Defendant's evidence was to the effect that the written confession was obtained as the result of duress and abuse to which he was subjected. He testified he was deprived of his clothes causing him to suffer from cold, that he was denied food and water and to avoid further abuse he

made a voluntary oral confession concerning the Temple, Oklahoma, burglary. This confession was given to the Texas officers who then contacted the Oklahoma officers who later appeared and, by aid of the Texas authorities, took the written confession from him. In this connection, it is well to note that the defendant testified on interrogation by the trial court, that he gave the sheriff of Cotton county the written confession after his arrival in Vernon, subsequent to the time that he had been subjected to the abuse by the Texas officers. He made no complaint with reference to being abused by the Oklahoma authorities. It appears from this testimony that it is doubtful as to whether or not the written confession was obtained as the result of the abuse administered by the Texas officers. To the contrary it appeared that it was voluntarily given. There is no ground, whatsoever, for complaint concerning the confessions made in the sheriff's office and the county attorney's office in Walters. After the foregoing proceedings the trial court ruled the confessions were voluntary and admissible. All of the foregoing evidence was permitted to be detailed to the jury as it had been to the trial judge, together with other evidence which the state produced on the merits of the case. At the conclusion thereof the state rested, whereupon the defendant interposed a demurrer and rested offering no evidence, on the merits, in his own behalf.

 The record discloses that the court properly instructed the jury that it should determine from all the evidence if said confessions were made and whether or not they were made freely and voluntarily, without threats, coercion, or promises. In this connection it will not be necessary for us to pass upon the written confession made by the accused in Texas for the conviction is amply supported by the proof of the facts of the burglary and substantiated by the two oral confessions made in Walters after the defendant was returned from Texas to Oklahoma. This situation precisely falls within the case of Lyons v. State, 77 Okl.Cr. 197, 138 P.2d 142, 144, 140 P.2d 248; Id., 322 U.S. 596, 64 S.Ct.

1208, 88 L.Ed. 1481, rehearing denied 323 U.S. 809, 65 S.Ct. 26, 89 L.Ed. 645, wherein it was held:

"When two or more confessions are made by an accused, some of which are voluntary and some of which are involuntary, the ones made voluntarily are admissible and the ones made involuntarily are inadmissible."

In view of the fact that the first confession taken at Vernon, Texas, detailed precisely the same facts as given in the second and third confessions made at Walters, Oklahoma, even though the first confession had been obtained involuntarily, by reason of its confirmation by the two valid confessions, its introduction under the circumstances would constitute no more than harmless error, Title 22 O.S.1951 § 1068. We therefore are of the opinion that no substantial prejudice resulted to the defendant herein under the circumstances hereinbefore set forth.

 Next the defendant contends that a conviction cannot be had on an uncorroborated extrajudicial confession. This contention is wholly without merit and the cases relied on to support the same are not in point but to the contrary sustain the position of the state. In Ward v. State, 92 Okl.Cr. 143, 222 P.2d 173, 174, it was said:

"The legal question then, is: Where a prisoner voluntarily, and without threats or promises, confesses to the commission of a crime, what is necessary additionally, if anything, to support a conviction?

"The answer is simply that there must be independent proof of the corpus delicti, or in plain English, the actual commission by someone of the particular offense charged, and it may be established without showing that the offense in question was committed by the accused, and it may be established by circumstantial evidence. And where the actual commission of the offense is established by independent evidence, then a conviction based upon the defendant's voluntary confession is warranted. Gorum v. State, 60 Okl.Cr.

248, 63 P.2d 765; Hopkins v. State, 75 Okl.Cr. 268, 130 P.2d 543; and Long v. State, 77 Okl.Cr. 174, 140 P.2d 600. Thus, it is not necessary that the confession be otherwise corroborated."

There was ample independent proof of the corpus deliciti herein. Here the three co-partners of the corporation testified to the facts of the burglary and the attempted robbery of the safe. They also testified in relation to where the burglar gained entrance into the building. The sheriff testified to the fact that he had taken the screw driver identified in the defendant's confession as being the instrument by which he raised the window, and stated that he took the screw driver and that it fit precisely into the indentation made upon the window sill in the wood. The de-fendant relied upon the case of Robinson v. State, 71 Okl.Cr. 75, 108 P.2d 196. The holding of that case is in keeping with the rule announced in Ward v. State, supra. What is said in relation to the last two cases applies equally to Gorum v. State, supra, and Choate v. 'State, 12 Okl.Cr. 560, 160 P. 34, L.R.A.1917A, 1287, relied on by the defendant. This court takes judicial cognizance of its own records, Ex parte Collins, 76 Okl.Cr. 163, 135 P.2d 61, and other opinions of this court. A prior conviction of defendant for like crime was before this court. Okl.Cr., 229 P.2d 905. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.