**William Jay NICHOLS and Larry Ray Roeseler, Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15166.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Judd L. Black, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

The plaintiffs in error, who shall hereinafter be referred to as the defendants, were charged by information in the District Court of Oklahoma County. They were tried before a jury, found guilty, and their punishment set at 30 years in the penitentiary. It is from that judgment and sentence that the appeal is lodged in this Court.

It is to be noted that the lawyer who represented the defendants in the trial court did not participate in the appeal to this Court. The appeal was brought by an entirely different attorney who evidently was hired for that purpose.

The chief contention of the appellant attorney is that the defendants were inadequately represented in the lower court, and that the trial proceedings were conducted in such a manner that the trial became a farce and a mockery of justice, etc.

The casemade reflects the following evidence was produced on the part of the state: That on October 30, 1969, Bob D. Thomas was manager of the Credit Thrift at 4711 So. Penn; that at 11 o'clock that morning he met the defendants outside of his business, where he was making an appraisal on a car. That the defendants sought information about a 1963 Chevy that was for sale; that about 11:20–25 A. M. on the same date, he was talking with the defendants across the counter and that they pulled out pistols and told him that this is a holdup. That he took the money from two cash drawers, put it in an envelope, that defendants inquired if they had more money, that the safe was opened and no money was found therein. The defendants put he and three other employees in an open booth, and proceeded to leave. This witness was able to positively identify

the defendants and two guns as the one's used in the robbery. He testified that $202.00 was taken away in the envelope which was also identified as the one found on one of defendants when apprehended.

Rita June Cawthorne testified in substance that she was an employee of Credit Thrift of America, that the defendants came to the office and discussed with her a repossessed car and were interested in buying, she told them to wait and talk to Mr. Thomas, that when Mr. Thomas got through waiting on another customer, they discussed the car with him. Then they asked Mr. Thomas if he had a paper sack and Mr. Thomas turned to her and asked for a paper sack, that the defendant Nichols pulled a gun out from under his shirt and Mr. Thomas asked her to get the money and she did. She was able to positively identify both defendants as the persons who committed the robbery. The defendants were apprehended by the police who took from them the envelope from the loan company which contained the exact amount of money taken in the robbery. One of the defendants [Roeseler] admitted to Officer Box that he and Nichols committed the robbery. This testimony was unchallenged and the defendants offered no proof and did not take the stand in their own behalf.

It is obvious that the evidence is more than ample to sustain the conviction. It is also apparent that defense counsel was also fully aware that there was no defense available. That he could not arrange a satisfactory agreement with the State on a plea of guilty, and he adopted the strategy of pleading his clients guilty to the jury. In his argument to the jury, defense counsel made this statement about which the appellant attorney complains:

"I'm satisfied, as well as every member of the jury, that these boys did the robbery there that they are accused of doing."

He further stated:

"Now I could have placed them on the witness stand and wasted some more of your time, but that would have been foolish for me to come up here and think that you are so far afield that you would believe some type of an alibi under these circumstances. To waste your time in this regard just wouldn't be proper."

In response to this argument, the attorney for the state replied in his argument as follows:

"Now, Mr. S. would have you believe that he didn't want to waste your time putting these defendants on the witness stand. I wonder why he didn't put these defendants on the witness stand. We don't know anything about these defendants, do we. Maybe if they had got on the witness stand we'd know a little bit more about them. But he didn't want to take that chance, did he. You think about that."

█ The appellant attorney contends that this constituted error, though it was tempted first by defense counsel. He cites 22 O.S.A., § 701, which clearly prohibits such practice.

"In the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of a crime, offense or misdemeanor before any court or committing magistrate in this State, the person charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him nor be mentioned on the trial: if commented upon by counsel it shall be ground for a trial."

This ordinarily would constitute reversible error. Whether or not it being first brought out by the defense counsel would take it out of that category. This was passed on by this Court in Teague v. State, 58 Okl.Cr. 239, 52 P.2d 91:

"It is not reversible error for counsel for the state to comment on the failure of a defendant to testify, where defendant's counsel first suggests or comments on the facts; the error in such case having been invited."

Also, see Cherry v. State, 33 Okl.Cr. 37, 241 P. 833. Radney v. State, 36 Okl.Cr. 240, 253 P. 913.

Though this has been held to be harmless error and not grounds for reversal, it still has its tendency to prejudice the defendant. An intelligent jury is caused to speculate upon defendants previous record, and to other reasons for refusing to testify. Under any circumstances it is highly improper and the better practice is not to permit such practice.

■ The appellant attorney further states that it was the duty of defense counsel to object to the following testimony:

"Q. Now how are you able to say 'Mr. Nichols and Mr. Roesler' robbed us?

A. *I identified them in a line-up.*

Q. But did you know their names then?"

This Court stated the rule as it pertains to pre-trial identification in Chandler v. State, a very recent opinion, September 17, 1969, cited as Okl.Cr., 461 P.2d 983:

"In all cases triable in Oklahoma after June 12, 1967, the admissibility of the courtroom identification of a defendant by an eye-witness to a crime who has previously identified the accused at a lineup at which he was not represented by counsel or had not effectively waived the same, the court is bound by the rule enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149."

The rule enunciated in *Wade,* supra, reads as follows:

"A pre-trial in-custody exhibition of an accused to an identifying witness is a critical stage of the criminal proceeding entitling accused to presence of counsel, and such an exhibition by police without notice to and in absence of counsel calls in question the admissibility at trial of the in-court identification of the accused by such an identifying witness."

The Court held that the admission of the in-court identification of defendant without first determining it was not tainted by an alleged lineup, but was of independent origin, is constitutional error.

Appellant counsel contends even though this was brought out on cross-examination, defense counsel should have been alert and lodged a proper challenge to this in-court identification and that by counsel failing to have done so, he waived his clients' rights. In the instant case, there was positive identification of the defendant by other witnesses independent of a line-up and their testimony was ample to sustain a conviction even though the testimony of this particular witness had been excluded.

In further support of appellant's assertion that the defendants were inadequately represented, a stipulation appears in defendants brief showing that on the date of trial, September 10, there were seven other felony cases set for trial on the 10th and 11th. Defendants trial attorney was attorney in all of the eight cases, and that no defendant could be properly represented by an attorney who must defend eight felony cases in two days.

■ In addition to the errors set forth there appears in the record numerous other irregularities. We shall not encumber the decision further by a discussion of them. We are not in a position to determine if defense counsel chose the wrong strategy, but it does appear that he relied wholly upon his plea to the jury which evidently was not as effective as desired. However, we must conclude from a review of the record that a number of defendants rights were encroached upon by failure of proper objection. Maybe defense counsel thought they would all be cured by a mild verdict. Mr. S. is a very capable attorney and no doubt his vast experience in the criminal law field prompted him to pursue this type of trial which was more or less a "confession and avoidance" or a guilty plea made to the jury.

However, in view of the error discussed herein, which would not justify reversal, we feel that justice would be best served by modifying the sentence of 30 years to

**632**

20 years, and otherwise affirmed. And it is so ordered.

BRETT, P. J., concurs.

BUSSEY, Judge (concurring):

I concur with my colleague, Judge Nix, that the judgment and sentence should be modified and affirmed; and like Judge Nix, I find no fault with trial counsel in selecting his trial strategy, for under the circumstances it does not appear there was any defense available for his clients. That a greater penalty was imposed than appeal counsel feels was justified, is not so much attributable to the conduct of the trial by defense counsel, but rather due to the disparity of punishment agreed on by different juries for similar offenses and to errors which, in my opinion, would not justify a reversal, but necessitates modification.