**Carl Louis RICHARDSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–582.**

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1977.

John P. Kent, Frederick, for appellant.

Larry Derryberry, Atty. Gen., Givens L. Adams, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Carl Louis Richardson, hereinafter referred to as defendant, was charged, tried and convicted in the District

Court, Tillman County, Case No. CRF–76–56, for the offense of Uttering a Forged Instrument in violation of 21 O.S.1971, § 1592. His punishment was fixed at one (1) year imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Don Stone testified that in the month of June, 1976, defendant worked for him one afternoon running a combine. He testified that he first saw State's Exhibit One, a $75.00 check, when he was called to the bank. He testified that although the signature of the drawer of the check was his name, it was not his signature.

Gale Caswell testified that he was employed by the United Super Market in Frederick, and that on June 14, 1976, the defendant came into his store on two occasions. The second time Caswell cashed State's Exhibit One for the defendant. He deposited the check for collection and it was returned two days later, unpaid.

Georgene Dill testified that she was employed by the National Bank of Frederick; that on June 15, 1976, she observed that the signature "wasn't right" on State's Exhibit One. She gave the check to Tommy Mahaney to verify the signature with the drawer.

Tom Mahaney testified that he received State's Exhibit One from Georgene Dill. He contacted Don Stone and eventually returned the check to the United Super Market.

Sheriff Steve Sanders testified that defendant was transported to Frederick from Vernon, Texas on August 30, 1976. The defendant was advised of his *Miranda* rights and executed a written waiver thereof. He stated that he did not write the check and did not have any knowledge about it. The defendant executed a "London Letter" or handwriting specimen, and the check, the London Letter and defendant's fingerprint card were mailed to the Oklahoma State Bureau of Investigation.

On cross-examination, Sanders testified that he conducted a lineup with the defendant being one of the participants. He did not advise the defendant that he had a right to counsel at the lineup, as he had previously informed him of his *Miranda* rights.

Deputy Sheriff Steve Overstreet testified that he fingerprinted the defendant on September 30, 1976, and placed the fingerprint card in the Sheriff's records.

Bruce Plank testified that he was employed as a Questioned Document Examiner with the Oklahoma State Bureau of Investigation. He compared the signature of State's Exhibit One with the known handwriting specimen of the defendant and was of the opinion that the check was written by the defendant.

Larry Mullins testified that he was employed as a Fingerprint Technician with the Oklahoma State Bureau of Investigation. He compared a latent fingerprint found on the back of the check with the fingerprint card of the defendant and was of the opinion that the fingerprint was that of the defendant.

The defendant did not testify, nor was any evidence offered in his behalf.

On appeal the defendant argues three assignments of error in which he, in substance, complains of the denial of his constitutional right to counsel at a pretrial lineup, the impermissibly suggestive method in which the lineup was conducted, and error of the trial court in overruling a pretrial motion to suppress testimony as to the lineup identification without ruling whether the lineup rendered the in-court identification admissible. Based on the foregoing assignments of error he contends that it was reversible error for the trial court to permit the tainted in-court identification of the defendant by the witness Gale Caswell.

■ The record reflects that the defendant was not represented by counsel at the lineup. Said lineup consisted of five persons, three of whom were over the age of fifty-five years. The remaining two participants consisted of the twenty-four-year-old defendant and a twenty-two-year-old person of Spanish decent. In *Thompson v. State*, Okl.Cr., 438 P.2d 287 (1968), this

Court set forth the guidelines to be followed in future lineups, specifically stating that the participants in a lineup should be of the same general weight, height, age, color and nationality. It is readily apparent that had the defendant been represented by counsel, such an impermissibly suggestive lineup would not have been conducted.

■ All three of these assignments of error are meritorious. We observe, however, that there was nevertheless sufficient evidence, independent of the in-court identification by Gale Caswell, to sustain the conviction. The handwriting expert testified that in his opinion the defendant wrote the face of the check as well as endorsed the back, and the fingerprint expert testified that in his opinion the defendant's fingerprints were found on the check. In *Nichols v. State*, Okl.Cr., 480 P.2d 628 (1970), we held that where there was positive identification of the defendant by other witnesses independent of a lineup, their testimony was ample to sustain a conviction, even though the testimony of the identifying witness was erroneously admitted.

While in the instant case the other evidence linking the defendant to the commission of the offense was circumstantial, rather than by identification by other witnesses, the evidence of defendant's guilt was uncontradicted and overwhelming. After a review of the record we find that the errors committed were "harmless beyond a reasonable doubt." *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

Defendant finally contends that the verdict is not supported by sufficient evidence to sustain the burden of proving that he committed the crime charged beyond a reasonable doubt. Inasmuch as we have previously found that the evidence of defendant's guilt was overwhelming, it necessarily follows that this assignment of error is without merit.

It is our opinion, after a thorough examination of the record, that although defendant did not receive a perfect trial, he did receive a fair and impartial trial. We therefore hold that the judgment and sentence appealed from should be, and the same is hereby, *AFFIRMED*.

CORNISH and BRETT, JJ., concur.